UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASETECH SPECIALTIES, INC.
and ANTHONY ARMENI,

      Plaintiffs,

                              CASE NO. 2:13-CV-11792
                              JUDGE NANCY G. EDMUNDS
                              MAGISTRATE JUDGE PAUL J. KOMIVES
v.

SELECTIVE INSURANCE COMPANY
OF THE SOUTHEAST,

      Defendant.
_____/

**ORDER DENYING IN PART AND DEEMING WITHDRAWN IN PART PLAINTIFFS' NOVEMBER 7, 2013 MOTION TO QUASH DEFENDANT'S SUBPOENA TO NON-PARTY SAM KALLA AND FOR PROTECTIVE ORDER (Doc. Ent. 13)**

**A.    Background**

Plaintiffs Casetech Specialties, Inc. and Anthony Armeni filed this lawsuit in Oakland County Circuit Court during March 2013. The facts underlying the complaint concern an insurance policy (¶¶ 65-71) and the causes of action include (I) claim for breach of contract (¶¶ 72-76); (II) violation of the Michigan Uniform Trade Practices Act (¶¶ 77-78); (III) bad faith and breach of fiduciary duties (¶¶ 79-82); (IV) theft, conversion & embezzlement (¶¶ 83-87); and (V) claim for declaratory judgment (¶¶ 88-90). *See* Doc. Ent. 1-4; www.oakgov.com (Court Explorer, Case No. 13-132984-CK).

Defendant removed the case to this Court on April 22, 2013 (Doc. Ent. 1) and filed an answer and affirmative defenses on April 29, 2013 (Doc. Ent. 3).

**B.    Pending Motions**

By way of background, non-party Sam Kalla was deposed on October 29, 2013. Doc.

Ent. 16-3.  According to plaintiffs, "[t]he deposition of Sam Kalla was one of the seven clients concerning the remaining $98,335 in lost business."  Doc. Ent. 13 at 2 ¶ 3.  Non-party Faik Yaldo(o) was deposed the same day.  Doc. Ent. 16-5.  According to plaintiffs, "Faik Yaldo was the project manager for one of the large custom homes[] in which Mr. Armeni was to perform a substantial amount of cabinetry and carpentry work."  Doc. Ent. 14 at 2 ¶ 4.

On or about October 30, 2013, defendant served non-party Sam Kalla with a subpoena which required production of five (5) types of documents, labeled (A) - (E).  Doc. Ent. 16-4. Also, defendant served non-party Faik Yaldo with a subpoena which required production of "[a]ny and all documents related to the construction of the residence at 643 East Long Lake[.]" Doc. Ent. 17-2.

Currently before the Court are plaintiffs' November 7, 2013 motion to quash defendant's subpoena to non-party Sam Kalla and for protective order (Doc. Ent. 13) and plaintiffs' November 8, 2013 motion to quash defendant's subpoena to non-party Faik Yaldo and for protective order (Doc. Ent. 14).[1]  Defendant filed responses on November 21, 2013 (Doc. Entries 16 and 17).

Judge Edmunds has referred these motions to me for hearing and determination.  Doc. Ent. 18.  A hearing on these motions was originally noticed for December 11, 2013.  Doc. Ent. 19.  However, the hearing was renoticed for December 12, 2013.  Doc. Ent. 20.

On December 4, 2013, the parties filed a joint statement of resolved/unresolved issues. Doc. Ent. 22.  By this statement, plaintiffs withdrew their motion to quash the subpoena to Faik Yaldo and for protective order (Doc. Ent. 14).  Furthermore, plaintiffs withdrew their objection

---

[1] Also pending before the Court are October 16, 2013 and December 2, 2013 motions for summary judgment (Doc. Entries 10 and 21), each of which is before Judge Edmunds.

to Item C of the subpoena issued to Sam Kalla. Thus, the matters which remain in dispute are plaintiffs' objections to items A, B, D and E of the subpoena issued to Sam Kalla. *See* Doc. Ent. 13.

**C.     Discussion**

On December 12, 2013 - the date set for hearing - attorneys Mitchell C. Jackson (plaintiff) and Michael T. Small (defendant) appeared. To begin, the Court addressed defendant's argument that Casetech and Armeni "have no standing to move to quash the subpoena[]" issued to Kalla. Doc. Ent. 16 at 8. The Court ruled in plaintiffs' favor on this issue and permitted plaintiffs' counsel to submit arguments on behalf of non-party Sam Kalla.

The Court also heard oral argument on the matters which remain in dispute, specifically:

    A.    Any and all bank statements for accounts owned or operated by Mr. Sam Kalla for year 2012.
    B.    Any and all State and Federal tax returns for Sam Kalla for years 2011 and 2012;
    . . .
    D.    Any and all credit card bills and statements for Mr. Sam Kalla for year 2012;
    E.    A copy of any monthly check for Social Security or other governmental benefits paid to Yalda Kalla and/or Suad Kalla [parents of Sam Kalla].

Doc. Ent. 16-4; Doc. Ent. 13 at 3 ¶ 5.

Here, I conclude that the information sought is discoverable as defined by Fed. R. Civ. P. 26(b) ("Discovery Scope and Limits."). This is especially so, because Sam Kalla will be a witness if the case goes to trial and the materials sought go to his credibility.

Plaintiffs object to the request "to travel greater than 100 miles to Grand Rapids for production[.]" Doc. Ent. 13 at 4 ¶ 7 (citing Fed. R. Civ. P. 45(c)(3)(A)(ii)). However, defendant's October 30, 2013 cover letter states that Kalla "may comply with the Subpoena by

forwarding the requested documents to [defense counsel] at [his] Grand Rapids office[,]" and notes that "[a]ny costs for copy fees with be promptly paid."  The letter further states, "[i]f you have any questions or comments or if you require prepayment for these records, please contact me."  Doc. Ent. 16-4 at 2.  Alternatively, defendant points out, "Mr. Kalla could drop the documents off at defense counsel's office at 1050 Wilshire Drive in Troy, Michigan."  Doc. Ent. 16 at 8.

Plaintiffs also raise objections based on Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]") and/or Fed. R. Civ. P. 45(d) ("Protecting a Person Subject to a Subpoena; Enforcement.").  *See* Doc. Ent. 13 at 4 ¶ 9.  I conclude that requests (A), (B), (D) & (E) are not burdensome.

Also, plaintiffs allege that "the Kallas' privacy interests clearly outweigh any interest Defendant may have in the requested records."  Doc. Ent. 13 at 4 ¶ 10.  However, this concern may be addressed by making any production of requested information subject to a Fed. R. Civ. P. 26(c) protective order, the terms of which may be agreed upon between Sam Kalla and defendant.

Finally, as to plaintiffs' argument that non-party Sam Kalla is not in "possession, custody, or control[,]" Fed. R. Civ. P. 34(a)(1), of the documents sought by Item E (regarding Yalda Kalla and/or Suad Kalla), Sam Kalla may provide an affidavit attesting to this position.

**D.    Order**

Accordingly, plaintiffs' November 7, 2013 motion to quash defendant's subpoena to non-party Sam Kalla and for protective order (Doc. Ent. 13) is DENIED with respect to Items A, B,

4

D and E.  The motion (Doc. Ent. 13) is DEEMED WITHDRAWN with respect to Item C of the subpoena issued to Sam Kalla.

Furthermore, any documents produced in accordance with this order SHALL be served no later than Friday, January 10, 2014.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Date: December 13, 2013                         s/Paul J. Komives
                                                                 PAUL J. KOMIVES
                                                                 UNITED STATES MAGISTRATE JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 13, 2013.

                                                                               s/ Kay Doaks
                                                                               Case Manager